IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-175 |
| | ) | |
| AUGUSTA JUDICIAL CIRCUIT, Richmond County; JUDGE SHERYL B. JOLLY; CHRISTOPHER M. CARR, Attorney General; and THE CITY OF AUGUSTA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Valdosta State Prison ("VSP") in Valdosta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Augusta Judicial Circuit; (2) Judge Sheryl B. Jolly; (3) Christopher M. Carr, Attorney General; and (4) the City of Augusta. (Doc. no. 1, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On January 14, 2020, Plaintiff filed a writ of mandamus with the Augusta Judicial Circuit in Richmond County, Georgia, seeking relief against Timothy C. Ward. (Id. at 22.) Plaintiff's writ of mandamus was assigned to Richmond County Superior Court Judge Sheryl B. Jolly, who granted Plaintiff IFP status. (Id.) On March 10, 2020, Plaintiff, having received no further communication from Judge Jolly or the Augusta Judicial Circuit, filed a complaint against Judge Jolly with the Georgia Judicial Qualifications Commission and Judicial Watch in Washington D.C. (Id. at 24.) Plaintiff received no response from either organization. (Id. at 25.)

On March 20, 2020, Plaintiff spoke with a law clerk in Judge Jolly's chambers and requested action on his writ of mandamus, but no action occurred. (Id.) By letter and phone calls, Plaintiff asked Georgia Attorney General Christopher M. Car to investigate narcotics dealers in the Valdosta area, including Valdosta State Prison. (Id. at 26.) When Plaintiff received no response, he filed formal grievances with the Georgia and American Bar Associations, asserting Attorney General Carr lacked concern for human life and failed his ethical obligations to the State of Georgia. (Id.)

In the case *sub judice*, Plaintiff alleges a denial of his due process rights and intentional infliction of emotional distress against Defendants for the delay in ruling on his writ of mandamus, and for their failure to intervene to prevent irreparable harm at VSP. (Id. at 24, 27.) Plaintiff also appears to allege a denial of access to courts claim. (Id. at 32.) Plaintiff alleges he is in imminent danger of serious physical injury because prison officials terrorize and threaten him on a daily basis. (Id. at 27-29.) For relief, Plaintiff requests $90 million in compensatory, punitive, and nominal damages against each Defendant jointly and severally. (Id. at 35-36.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement'

3

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Judge Jolly is Immune from Suit and Protected From Injunctive Relief

Plaintiff's claims for monetary damages against Judge Jolly are barred by judicial immunity, while Judge Jolly is similarly protected against Plaintiff's claims for injunctive relief. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

The complaint describes quintessential judicial functions of presiding over civil cases by granting IFP status and screening complaints. At most, Plaintiff alleges the Judicial system has not acted with the promptness he hoped for. Because Plaintiff fails to allege any facts to suggest Judge Jolly acted in the "clear absence of all jurisdiction," id. at 357, the complaint fails to state a claim for monetary damages. See Jarallah v. Simmons, 191 F.

4

App'x 918, 920-921 (11th Cir. 2006) (affirming dismissal of a complaint for failure to state a claim where judicial immunity barred a state judge's liability for damages and plaintiff failed to allege facts showing he suffered a constitutional violation).

In addition to judicial immunity, Judges receive protection from injunctive or declaratory relief in claims arising under 42 U.S.C. § 1983. Tarver v. Reynolds, 808 F. App'x 752, 754 (11th Cir. 2020). For a Plaintiff to receive injunctive or declaratory relief¸ "the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." Id. Additionally, there must exist an "absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff alleges no violation of a declaratory decree, and other declaratory relief is available through filing for a writ of mandamus with another Georgia Superior Court requesting an order for Judge Jolly to take appropriate action in the case, filing a complaint with the Georgia Judicial Qualifications Commission, or appealing any adverse ruling with the Georgia Court of Appeals. See Graham v. Cavender, 311 S.E.2d 832 (Ga 1984) (stating proper relief in Georgia for failure to take prompt judicial action is filing writ of mandamus in another state superior court); Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005).

Further, the injunction Plaintiff seeks would force Judge Jolly to expedite a ruling on his pending writ of mandamus in his favor. To the extent the injunctive relief sought by Plaintiff interferes with the state court's judicial process, a federal court lacks jurisdiction and should abstain from interfering under the principles of Younger v. Harris, 401 U.S. 37 (1971).

### 3. Plaintiff Fails to State a Claim Against the Augusta Judicial Circuit and the City of Augusta

Plaintiff seeks to hold the Augusta Judicial Circuit and City of Augusta liable for Judge Jolly's handling of Plaintiff's writ of mandamus. However, the Augusta Judicial Circuit is not a "person" subject to suit under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Mumford v. Zieba, 4 F.3d 429, 435 (6th Cir. 1993) (holding state court is not person under § 1983); (Williams v. Ocmulgee Judicial Circuit, No. 5:15-CV-00139, 2015 WL 6755292 (M.D. Ga. 2015) (same). Plaintiff's claim against the Augusta Judicial Circuit thus fails to state a claim upon which relief may be granted.

As to Plaintiff's claim against the City of Augusta, a Monell claim provides for city liability under 42 U.S.C. § 1983. To state a Monell claim, Plaintiff must show "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff only mentions the City of Augusta in his complaint where he asserts the city should be liable for the actions of government agencies and entities within it. (Doc. no. 1, p 6.) Even assuming, *arguendo*, Plaintiff properly asserted a constitutional violation against the city, Plaintiff makes no assertions such violation resulted from a policy or custom of the City of Augusta. Thus, Plaintiff fails to state a claim against the City of Augusta. See Johnson v. Darnell, 781 F. App'x 961, 964 (11th Cir. 2019) (dismissing for failure to state claim for presenting at most conclusory allegations of policy or custom).

### 4. Attorney General Carr Is Immune from Suit, and the Claim Against Him Fails on the Merits

Plaintiff's claims against Attorney General Carr are subject to dismissal because his role as prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Rehberg v. Paulk, 611 F.3d 828, 838 (11th Cir. 2010) (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and all appearances before the court . . . ." Jarallah, 191 F. App'x at 921 (citing Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1274 (11th Cir. 2002)). Because Plaintiff's allegations relate solely to the actions of Attorney General Carr as a prosecutor, he is entitled to prosecutorial immunity.

The claim also fails on the merits because Plaintiff may not force Attorney General Carr to bring criminal charges or investigate possible criminal activity. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged

7

criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). Thus, Plaintiff has no cognizable interest upon which he can state a claim of relief against Attorney General Carr.

### 5. Plaintiff Fails to State a Claim for Denial of Access to the Courts

To the extent Plaintiff brings a claim for denial of access to the Richmond County Superior Court and other courts of the state, he must allege "actual injury"; that is, "prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action" and the inmate "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998). Plaintiff merely alleges a delay in ruling on his writ of mandamus, and there is no allegation anyone has hindered his ability to pursue his claims. Accordingly, Plaintiff fails to state a denial of access claim.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's

complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA